**749-19/JJW**
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Maersk Line Limited*
80 Pine Street – 25th Floor
New York, New York 10005
Telephone:  (212) 425-1900
Facsimile:  (212) 425-1901
John J. Walsh, Esq.
walsh@freehill.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY : NEWARK VICINAGE

-----------------------------------------------------------------------x

MARIANNE SHERWOOD AS EXECUTRIX AND
PERSONAL REPRESENTATIVE OF THE                    2:21-cv-00327-MCA-LDW
ESTATE OF DENNIS R. SHERWOOD,

                                    Plaintiff,        **VERIFIED THIRD PARTY**
                                                          **COMPLAINT**

              - against -

MAERSK LINE, LIMITED and the
M/V MAERSK KENSINGTON, *in rem,*

                                    Defendants.
-----------------------------------------------------------------------x
MAERSK LINE, LIMITED,

              Third Party Plaintiffs,

              -against-

SANDY HOOK PILOTS ASSOCIATION and the M/V
PHANTOM, *in rem,*

                                    Third Party Defendants.
-----------------------------------------------------------------------x

       Defendant and Third Party Plaintiff, MAERSK LINE LIMITED, by and through its

attorneys, Freehill, Hogan & Mahar, LLP, as and for its Verified Third Party Complaint against

SANDY HOOK PILOTS ASSOCIATION, and the M/V PHANTOM, her engines, tackle and

equipment and pursuant to Fed. R. Civ. P. 14(c), alleges upon information and belief as follows:

552807.1

## JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty jurisdiction of this court pursuant to 28 U.S.C. § 1333.

2.      Plaintiff, Marianne Sherwood, as Executrix and Personal Representative of the Estate of Dennis R. Sherwood, is a citizen of the State of New Jersey and alleges that she was the lawful wife of the Decedent Dennis R. Sherwood at the time of his death on December 30, 2019.

3.      Defendant, Maersk Line Limited (sometime referred to herein as "Maersk") is a domestic corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Norfolk, Virginia and was the owner and operator of the M/V MAERSK KENSINGTON, an American flagged 6200 TEU container ship, 299.47 meters in length and a beam of 40 meters with IMO No. 9333010.

4.      Maersk Line Limited has provided Plaintiff with a Letter of Undertaking in exchange for which Plaintiff waived the right to arrest the M/V MAERSK KENSINGTON, as a result of which no *in rem* claim now exists against the M/V MAERSK KENSINGTON.

5.      Sandy Hook Pilots Association (sometime referred to herein as "Sandy Hook") is an unincorporated association, with its principal place of business in New Jersey consisting of licensed pilots who provide piloting services to vessels which are required to use licensed pilots for entry to and departure from the Port of New York and New Jersey, with an office and place of business at 201 East Edgewater Street, Staten Island, New York 10305.

6.      The M/V PHANTOM is a commercial vessel owned and operated by Sandy Hook which carries pilots to and from the ships for which the pilots are providing services and at all relevant times herein was or is within the jurisdiction of this court.

2

**PLAINTIFF'S COMPLAINT**

7.    This Verified Third Party Complaint arises out of a Complaint filed by Plaintiff in this court claiming damages from Defendant-Third Party Plaintiff Maersk Line Limited and the M/V MAERSK KENSINGTON.  The Complaint is attached as **Exhibit A**.

8.    Maersk has answered the Complaint.  Maersk Line Limited's Answer is attached as **Exhibit B**.

9.    According to the Complaint, on or about December 30, 2019, Plaintiff's decedent, Dennis Sherwood, was a pilot and member of the Sandy Hook Pilots Association.

10.    As a member of the Sandy Hook Pilots Association, he was placed in a rotation of pilots who waited their turn for bringing ships into or out of the New York/New Jersey Harbor. The Sandy Hook Pilots Association designated that rotation and the ships entering and departing the harbor had no right or privilege to designate a pilot of their choice. Ships were required to accept the pilot nominated by the Sandy Hook Pilots Association.

11.    On December 30, 2019, Plaintiff's decedent, Dennis Sherwood, was nominated by the Sandy Hook Pilots Association to provide pilotage services to the M/V MAERSK KENSINGTON which was arriving in New York Harbor via Ambrose Light to be boarded by Sherwood at or near the location of the vessel M/V NEW YORK which served as the pilot station about seven miles off the New Jersey and New York coasts.  That location falls within the definition of "high seas" under the Death on High Seas Act.

12.    The M/V PHANTOM carried Pilot Sherwood to meet the M/V MAERSK KENSINGTON at the pilot station.  The boarding arrangement, familiar to all of the Sandy Hook pilots, was a combination of a pilot ladder beneath an accommodations ladder at the bottom of

552807.1

which is a platform with a hatch through which the pilot accesses the platform from the pilot ladder.

13.     The M/V PHANTOM approached and came alongside the M/V MAERSK KENSINGTON in order to allow Pilot Sherwood to access the pilot ladder.  Pilot Sherwood climbed the pilot ladder, but as he climbed, the M/V PHANTOM maintained its position directly below Pilot Sherwood.

14.     Before Pilot Sherwood was able to climb from the pilot ladder onto the platform of the accommodation ladder, his hands let go and he fell from the pilot ladder onto the M/V PHANTOM below sustaining fatal injuries.

15.     A later autopsy of Pilot Sherwood disclosed that two of his coronary descending arteries were 95% occluded.

16.     Plaintiff, Marianne Sherwood, alleging that she was the lawful wife of decedent Dennis Sherwood, brought this lawsuit against Maersk Line Limited claiming negligence on the part of Maersk Line Limited and unseaworthiness on the part of the M/V MAERSK KENSINGTON in causing Pilot Sherwood to fall and sustain his fatal injuries.

17.     Maersk Line Limited denies any negligence on its part and on behalf of the M/V MAERSK KENSINGTON, denies that the M/V MAERSK KENSINGTON was unseaworthy at any relevant time in this matter.

## FIRST CAUSE OF ACTION

18.     Maersk repeats and realleges each and every allegation contained in paragraphs 1 to 17 above with the same force and effect as if fully set forth herein.

19.      The Sandy Hook Pilots Association had a legal duty, to those shipowners and charterers who use Sandy Hook's services. to use reasonable care in providing to ships entering

into and departing from the New York/New Jersey Harbor pilots who were competent and physically fit to render pilot services to those vessels which included the pilots' ability to board those vessels in open waters.

20.     The Sandy Hook Pilots Association was negligent, reckless and in violation of their legal duty to the M/V MAERSK KENSINGTON by failing to prevent Pilot Sherwood from working as a pilot due to his medical condition.

21.      Pilot Sherwood was negligently nominated by Sandy Hook to provide pilotage services to the MAERSK KENSINGTON but was unfit for performing as a pilot on ships and such negligence of the Sandy Hook Pilots Association was the proximate cause of his fatal injuries.

22.     While denying any liability for damages to Plaintiff resulting from the death of the decedent, if the Plaintiff is entitled to damages and Maersk Line Limited is held liable or caused to make payment for such, the decedent's death resulted in whole or in part from the, negligence, gross negligence and/or lack of care or other wrongful act on the part of the Sandy Hook Pilots Association, or their agents, employees or subcontractors.

23.     As a result of the foregoing, Maersk Line Limited is entitled to contribution and/or indemnity from Sandy Hook Pilots Association for any loss or damage which Maersk Line Limited may sustain together with reasonable attorney's fees and expenses.

## SECOND CAUSE OF ACTION

24.     Maersk repeats and realleges each and every allegation contained in paragraphs 1 to 23 above with the same force and effect as if fully set forth herein.

25.     As owner and operator of the M/V PHANTOM, the Sandy Hook Pilots Association had a duty to Pilot Sherwood and other pilots to provide a safe place in which to board ships at the

pilot station in Ambrose Channel safely and to prevent any serious injury to pilots who might fall from the pilot ladder.

26.     The Sandy Hook Pilots Association failed in complying with its legal duty to its pilots by failing to adopt procedures which would provide for a falling pilot to land in the water and not on the deck of the pilot boat.  Such negligence was a proximate cause of Pilot Sherwood's death.

27.     While denying any liability for damages to Plaintiff resulting from the death of the decedent, if the Plaintiff is entitled to damages and Maersk Line Limited is held liable or caused to make payment for such, the decedent's death resulted in whole or in part from the negligence, gross negligence and/or lack of care or other wrongful act on the part of the Sandy Hook Pilots Association, or their agents, employees or subcontractors.

28.     As a result of the foregoing, Maersk Line Limited is entitled to contribution and/or indemnity from Sandy Hook Pilots Association for any loss or damage which Maersk Line Limited may sustain together with reasonable attorney's fees and expenses.

29.     In light of the foregoing, the Sandy Hook Pilots Association should be adjudged directly liable to Plaintiff pursuant to Fed.R.Civ.P. 14(c) and they must therefore defend themselves against the claims of the Plaintiff as if they were made defendants in this action originally.

**WHEREFORE,** while denying any liability for damages to Plaintiff, Maersk Line Limited respectfully requests:

1)     That the Third Party Defendant Sandy Hook Pilots Association and the PHANTOM *in rem* answer the Verified Third Party Complaint and pursuant to Fed.R.Civ.P. 12, answer the

6

Complaint of the Plaintiff as if they were made defendants in the action originally in accordance with Rule 14(c);

    2)     That Maersk Line Limited be granted indemnification and/or contribution for any settlement or judgment that is rendered against it in favor of the Plaintiff;

    3)     That Maersk Line Limited be granted costs, expenses and attorney's fees incurred in the defense of this action; and

    4)     That this Honorable Court issue process in due form of law according to practice of this court in matters of admiralty and maritime jurisdiction against Defendant vessel M/V PHANTOM, her engines, tackle, apparel, furniture, equipment, rigging and all necessaries appurtenant thereto and cite all persons having or claiming to have any interest therein to appear and answer this Verified Third Party Complaint and enter judgment in favor of Maersk Line Limited for the full amount of damages for which Maersk Line Limited is held liable together with interest, costs and attorney's fees and order the M/V PHANTOM condemned and sold to pay its debts;

    5)     That the Court grant such other and further relief as this Court deem just and proper under the circumstances.

Dated:  August 24, 2021

FREEHILL, HOGAN & MAHAR LLP
*Attorneys for Defendant*
*Maersk Line Limited*

By: _____
     John J. Walsh

## <u>CERTIFICATION</u>

I hereby certify that on August 24, 2021, the within **Verified Third Party Complaint** was

served upon counsel for Plaintiff by forwarding same by First Class Mail at their offices at:


Tabak, Mellusi & Shisha LLP
29 Broadway
New York, New York  10006-3267
Jacob Shisha, Esq. (jshisha@sealawyers.com)
Ralph J. Mellusi, Esq. (rjmellusi@sealawyers.com)


and Via ECF and Electronic Mail.

_____
John J. Walsh

Dated: August 24, 2021

552807.1

## **VERIFICATION**

STATE OF VIRGINIA          )
                                        : ss:
CITY OF NORFOLK           )

Gary English, declares:

That I am the Associate General Counsel of Maersk Line Limited, the Defendant-Third

Party Plaintiff herein; that the foregoing Verified Third Party Complaint is true to my own

knowledge except as to those matters alleged upon information and belief and as to those matters,

I believe them to be true.

That the reason this Verification is made by deponent is that the defendant is a corporation

and deponent is the Associate General Counsel.

That the sources of deponent's information and the grounds of my belief as to all the

matters alleged upon information and belief are records of said corporation.

I declare under penalty of perjury under the laws of the United States of America, pursuant

to 28 U.S.C.§ 1746, that the foregoing is true and correct.

Executed on    August 24, 2021

                                                                    _____
                                                                    Gary English

553715.1