# EXHIBIT B

749-19/JJW
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Maersk Line Limited*
80 Pine Street – 25th Floor
New York, New York 10005
Telephone: (212) 425-1900
Facsimile: (212) 425-1901
John J. Walsh, Esq.
walsh@freehill.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY : NEWARK VICINAGE

-----------------------------------------------------------------------x
MARIANNE SHERWOOD AS EXECUTRIX AND
PERSONAL REPRESENTATIVE OF THE                      2:21-cv-00327-MCA-LDW
ESTATE OF DENNIS R. SHERWOOD,

                  **ANSWER**

       Plaintiff,

    - against -

MAERSK LINE, LIMITED and the
M/V MAERSK KENSINGTON, *in rem,*

       Defendants.
-----------------------------------------------------------------------x

    Defendant, MAERSK LINE LIMITED, by its attorneys Freehill, Hogan & Mahar, LLP as and for an Answer to the Complaint alleges upon information and belief as follows:

    1.  Answering Defendant denies the allegations in paragraph 1 of the Verified Complaint.

    2.  Answering Defendant denies the allegations in paragraph 2 of the Verified Complaint.

    3.  Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 3 of the Verified Complaint.

    4.  Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 4 of the Verified Complaint.

541207.1

5. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 5 of the Verified Complaint.

6. Answering Defendant admits the allegations in paragraph 6 of the Verified Complaint.

7. Answering Defendant admits the allegations in paragraph 7 of the Verified Complaint.

8. Answering Defendant admits the allegations in paragraph 8 of the Verified Complaint.

9. Answering Defendant admits the allegations in paragraph 9 of the Verified Complaint.

10. Answering Defendant admits the allegations in paragraph 10 of the Verified Complaint, except that MML did not hire the Master, officer or crew of the MV MAERSK KENSINGTON.

11. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 11 of the Verified Complaint.

12. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 12 of the Verified Complaint.

13. Answering Defendant admits the allegations in paragraph 13 of the Verified Complaint.

14. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 14 of the Verified Complaint.

15. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 15 of the Verified Complaint.

541207.1

16. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 16 of the Verified Complaint.

17. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 17 of the Verified Complaint.

18. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 18 of the Verified Complaint.

19. Answering Defendant admits that pilots at sea board the M/V MAERSK KENSINGTON by a combination of pilot ladder and the ship's accommodation ladder, but except as so admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 19 of the Verified Complaint.

20. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 20 of the Verified Complaint.

21. Answering Defendant denies the allegations in paragraph 21 of the Verified Complaint

22. Answering Defendant admits the allegations in paragraph 22 of the Verified Complaint.

23. The allegations of Paragraph 23 constitute Conclusions of Law to which no response is required; to the extent they are factual, Answering Defendant denies knowledge or information sufficient to form a belief as those allegations.

24. The allegations in paragraph 24 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant that the pilot ladder was secured below the platform opening in compliance with applicable regulations and customs, but except as so admitted, denies the remaining factual allegations in paragraph 24 of the Verified Complaint.

541207.1

25. The allegations in paragraph 25 contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 25 of the Verified Complaint.

26. Answering Defendant denies the allegations in paragraph 26 of the Verified Complaint

27. The allegations in paragraph 25 contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 25 of the Verified Complaint.

28. Answering Defendant denies the allegations in paragraph 28 of the Verified Complaint.

29. The allegations in paragraph 29 contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 29 of the Verified Complaint.

30. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 30 of the Verified Complaint.

31. Answering Defendant denies the allegations in paragraph 31 of the Verified Complaint.

32. Answering Defendant denies the allegations in paragraph 32 of the Verified Complaint.

33. Answering Defendant admits that on deck at the pilot transfer station were five crewmen consisting of the Second Officer, a Bosun, two Daymen and a Cadet and on the bridge was the master of the vessel. Answering Defendant admits that immediately before falling, the

Pilot asked for help. Except as so admitted, Answering Defendant denies the remaining allegations in paragraph 33 of the Verified Complaint.

34. Answering Defendant admits that a MAERSK KENSINGTON deckhand responded to the Pilot's request for help and that the pilot fell before the deckhand could arrive at the platform that the Pilot had attempted to board. Except as so admitted, Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 34 of the Verified Complaint.

35. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 35 of the Verified Complaint.

36. Answering Defendant denies the allegations in paragraph 36 of the Verified Complaint.

37. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 37 of the Verified Complaint.

38. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 38 of the Verified Complaint.

39. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 39 of the Verified Complaint.

40. Answering Defendant denies knowledge or information sufficient to form a belief as the allegations in paragraph 40 of the Verified Complaint.

**ANSWER TO FIRST CAUSE OF ACTION**

41. Answering Defendant repeats and realleges each and every response to each and every allegation in paragraphs 1 through 40 of the Verified Complaint.

5

541207.1

42. The allegations in paragraph 42 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 42 of the Verified Complaint.

43. The allegations in paragraph 43 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 43 of the Verified Complaint.

44. Answering Defendant denies the allegations in paragraph 44 of the Verified Complaint

45. Answering Defendant denies the allegations in paragraph 45 of the Verified Complaint

46. The allegations in paragraph 46 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 46 of the Verified Complaint.

47. Answering Defendant denies the allegations in paragraph 47 of the Verified Complaint.

48. The allegations in paragraph 48 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 48 of the Verified Complaint.

**ANSWER TO SECOND CAUSE OF ACTION**

49. Answering Defendant repeats and realleges each and every response to each and every allegation in paragraphs 1 through 48 of the Verified Complaint.

50. The allegations in paragraph 50 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 50 of the Verified Complaint.

51. The allegations in paragraph 51 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 51 of the Verified Complaint.

52. Answering Defendant denies the allegations in paragraph 52 of the Verified Complaint.

53. The allegations in paragraph 53 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 53 of the Verified Complaint.

54. Answering Defendant denies the allegations in paragraph 54 of the Verified Complaint.

55. The allegations in paragraph 55 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 55 of the Verified Complaint.

56. Answering Defendant denies the allegations in paragraph 56 of the Verified Complaint.

57. The allegations in paragraph 57 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 57 of the Verified Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

58. Answering Defendant repeats and realleges each and every response to each and every allegation in paragraphs 1 through 57 of the Verified Complaint.

59. The allegations in paragraph 59 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 59 of the Verified Complaint.

60. Answering Defendant denies the allegations in paragraph 60 of the Verified Complaint.

61. Answering Defendant denies the allegations in paragraph 61 of the Verified Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

62. Answering Defendant repeats and realleges each and every response to each and every allegation in paragraphs 1 through 61 of the Verified Complaint.

63. The allegations in paragraph 63 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 63 of the Verified Complaint.

64. The allegations in paragraph 64 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 64 of the Verified Complaint.

65. Answering Defendant denies the allegations in paragraph 65 of the Verified Complaint.

541207.1

## ANSWER TO FIFTH CAUSE OF ACTION

66. Answering Defendant repeats and realleges each and every response to each and every allegation in paragraphs 1 through 65 of the Verified Complaint.

67. The allegations in paragraph 67 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 67 of the Verified Complaint.

68. The allegations in paragraph 68 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 68 of the Verified Complaint.

69. The allegations in paragraph 69 of the Verified Complaint contain conclusions of law to which no response is required. Answering Defendant denies knowledge or information sufficient to form a belief as to any factual allegations in paragraph 69 of the Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

70. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

71. The court has no subject matter jurisdiction in diversity pursuant to 28 U.S.C. §1332, as this case falls within the admiralty jurisdiction of this court under the Death on the High Seas Act, 46 U.S.C. §30303, *et. seq.*

## THIRD AFFIRMATIVE DEFENSE

72. Plaintiff is not entitled to bring a survival action pursuant to the Death on the High Seas Act, 46 U.S.C. §30303, *et. seq.*

## FOURTH AFFIRMATIVE DEFENSE

73. Plaintiff is not entitled to a jury trial of the issues in this case.

**FIFTH AFFIRMATIVE DEFENSE**

74. Any recovery by Plaintiff must be reduced by the comparative negligence of Plaintiff's Decedent or any other fault that was causative of his death.

**SIXTH AFFIRMATIVE DEFENSE**

75. Plaintiff lacks standing to bring some or all of the claims in this matter.

**SEVENTH AFFIRMATIVE DEFENSE**

76. Plaintiff's Decedent was not a Sieracki Seaman and is not entitled to the warranty of seaworthiness.

**EIGHTH AFFIRMATIVE DEFENSE**

77. This matter is governed by the Longshore & Harbor Workers' Compensation Act, 33 U.S.C. §901, *et. seq.*

**NINTH AFFIRMATIVE DEFENSE**

78. Plaintiff's Decedent was a Kermarec invitee on the vessel and Defendant's duties were limited in accordance with his status.

**TENTH AFFIRMATIVE DEFENSE**

79. The court has no *in rem* jurisdiction.

**WHEREFORE,** Defendant Maersk Line Limited hereby demands judgment in its favor dismissing the case together with the costs and interests, the costs and attorneys' fees in defense of the action and for such other and further relief as this court may deem just and proper.

Dated: February 17, 2021

                                              FREEHILL, HOGAN & MAHAR LLP
                                              *Attorneys for Defendant Maersk Line Limited*

By: _____
        John J. Walsh

10

541207.1

## **CERTIFICATION**

I hereby certify that on February 17, 2021, the within **Answer** was served upon counsel for Plaintiff Via ECF and by forwarding same by First Class Mail at their offices at:

Tabak, Mellusi & Shisha LLP
29 Broadway
New York, New York  10006-3267
Attention: Jacob Shisha, Esq.
Ralph J. Mellusi, Esq.

_____
John J. Walsh

Dated: February 17, 2021